By the Court.—Sedgwick, Ch. J.
The plaintiff, after buying a ticket in a passenger station of the defendant’s railroad, stood outside of the station near its door, upon the platform in front of the station. To the east of the passenger station was a freight station, and in front of it was a platform ; this platform appeared to be used in connection with the freight station. The passenger platform and the freight platform joined each other, and were on *29 the same level. The plaintiff did not live in the place, and had come there to attend a patient as a physician. When he went out of the door of the passenger station, where he bought his ticket, he saw that there was a train of cars with locomotive engine heading in his direction, standing on the track some distance to the east of the passenger platform. He was asked on the trial, whether at the time, he supposed the train would move up and stop opposite the passenger depot. He answered, “ Tes.” There was an objection to the question; the objection being overruled, the defendant excepted. The question was certainly relevant and material. The plaintiff, after he noticed the train standing away from the passenger platform, did not go to it and get upon it, but stood until he was notified that the train was about to start at once on its trip, from the place where it was, without stopping at the passenger platform to take passengers. He was then obliged to hurry and run, instead of taking an ordinary gait. To prove his cause of action, he had to prove that he was without negligence that contributed to the accident. He was bound, in one aspect of the case, to justify to the jury his remaining on the passenger platform, instead of proceeding to the train. The fact that caused him to stand, was that he supposed the train would come to the passenger platform to take passengers. If he did not so suppose, he was without reason for standing, no matter how much the appearance of things might have justified his making the supposition if he had considered their effect. He was a competent witness to the existence of the fact that he supposed as he testified. Of course, he was also bound to show by the testimony in the case, that the appearances, for which the defendants were responsible, justified him in having the supposition. The judge charged, “ that the plaintiff had a right to suppose that the train would be brought up before the station,” meaning, no doubt, the passenger station. My opinion is, that there was evidence tending to show that the plaintiff was right in this respect, and no evidence tending the other *30 way. On the facts, the plaintiff had a right to rely on the natural and direct impression that would be made by the situation of affairs. He was not bound to know that the defendants had a sufficient reason for not stopping at a passenger station. It might, perhaps, be that on the issue of defendant’s negligence, a jury would say that the fact that if they stopped for a minute or two at the passenger station, the locomotive and its head-light would frighten horses that might be upon a near highway, was a sufficient excuse for not stopping. But on the question of contributory negligence, the plaintiff was justified in relying upon the significance of such things as appeared to him. Now, the meaning of a passenger platform in front of a passenger station, is that there is the place where passengers await the coming and departure of trains. It is common knowledge, that before a departure of a train, it often waits away from the passenger platform for a certain time, and then, ringing the bell, moves up to the passenger platform for the passengers. If the plaintiff had perceived that the train was standing in front of a freight station and platform, that would have been another reason for which defendants would have been responsible for the plaintiff supposing that he had to await at the place for passengers the coming of the train.
The plaintiff stood reading a book by a light that shone from the passenger station. After standing a few minutes, he received notice from the ticket agent that the tiain was about to depart at once from the place where it stood to the east. He looked at the train, and observed signals, that defendant’s witnesses proved were intended for the plaintiff, and that indicated that the train was to leave at once. He started on a walk, then went to a run, on a direct line for the train. He tripped over a box in the way, and was injured severely. In my judgment, the questions of negligence suggested by these facts were properly submitted for determination to a jury, and could not have been considered by the court as concerning mat *31 ters of law. If the defendants used the freight platform for a passenger platform, when passengers were to go from the latter to the former, and especially in this case, where the jury might find that the defendant’s conductor and engineer invited, in substance, the plaintiff to go on the line of approach that he took, a court could- not say that, as matter of law, the defendant had a right to leave a box upon the platform in the way of the plaintiff. The box had been there for some time. It was argued that it was an act of negligence on plaintiff’s part to run. As to this, there was a disputable question of fact, of whether the plaintiff running instead of walking was not induced by the signals that were given by defendant’s servants, indicating that they wished him to hurry. It was also for the jury to say whether a person of ordinary prudence would think of the possibility or probability of an obstruction being upon the platform, or would have a right to suppose that there was no obstruction in such a place, and it could not be held to be law that it was negligent for a person to run upon a level, unobstructed platform.
Against objection of defendant, plaintiff was allowed to testify that he had been attending, at the place from which he came to the station, a case of childbirth, and that the hurt he received prevented his attending it after that; that he had other patients, whom he could not attend for the same reason; that several patients called upon him for professional advice, whom he could not see for the same reason. There was no effort to make this testimony the ground of any claim for damages for the specific loss of the cases referred to. It was admissible to » show the general character of his business which he lost, as determined by the description of the particulars testified to.
The defendant objected to a question to the plaintiff, “State whether, from your experience as a physician, there is any probability of your suffering in any way hereafter from this injury to your nose ?” The question was competent, as referring to one consideration perti *32 nent to the certainty of future consequences according to reasonable probability, but the answer was favorable to the defendant, as it was that there was no probability, and only a possibility. This tended to limit damages favorably to defendant.
The defendant’s counsel requested the court to charge, that it was the duty of the plaintiff to take notice of the time of the departure of the train, and it was his duty to board the train at a reasonable time before the time of its departure. This was not correct, for it impliedly declared that, as matter of law, it would be negligence for a passenger, ■ in ignorance of the time of departure, to await the usual signals given by those in charge of the train, that the train was about to depart.
Another request was that if the plaintiff remained near a light for the purpose of reading a book, and then at the last moment attempted to board the train when the time was so short that he could not do so in a prudent and careful manner, he was guilty of negligence. This request referred to a contingency, that according to the witnesses for defendant and plaintiff alike, did not exist within the case. It was the fact, that the conductor and engineer in charge of the train were waiting for the plaintiff, and the plaintiff would have safely boarded the train if he had not fallen, and the train took him after the accident. The accident did not happen because of the train starting.
Another request was that the company had a right to make up its train and let it stand in front of any part of the station connected with the station as a starting place, and that it was the duty of the passenger to inquire whether it would stop in front of the station or not. There are several considerations which justified the refusal of the request. It is sufficient to point out that the jury could find on the facts, that the plaintiff did learn that the train was about to start from the place where it had' been standing, and would have safely reached it by running, if the box had not tripped him.
*33 I think that the judgment should be affirmed, with costs.
O’Gorman and Ingraham, JJ., concurred.